IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LYNN FRANK DRAGOMAN, JR.,

    Plaintiff,

v.

KERRY LEE ADAMS,

    Defendant.

                                     /

No. C 18-00845 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this dispute between two postal service employees, defendant moves to dismiss *pro se* plaintiff's claims for lack of subject-matter jurisdiction and failure to state a claim. For the reasons stated herein, the motion is **GRANTED**.

## STATEMENT

*Pro se* plaintiff Lynn Frank Dragoman, Jr. and defendant Kerry Lee Adams both work for the United States Postal Service — plaintiff as a letter carrier and defendant as the Postmaster of the Postal Service office in Graton, California. Following alleged workplace harassment, plaintiff filed a form CH-100 Request for Civil Harassment Restraining Order in Sonoma County Superior Court.

In his request, plaintiff complained that defendant "has been following me on my mail route weekly and won't stop." Plaintiff stated that defendant has been "harassing me at work for appox [sic] 3 years," and that "there are two active EEOC cases currently pending."

1  Additionally, plaintiff complained about wage issues, stating that defendant refused to pay him,
2  and that plaintiff was owed "two years back wages for a signed grievance [defendant] is in non
3  compliance with." Plaintiff requested a restraining order to prevent continued harassment and
4  to require that defendant stay away from plaintiff, his home, and his workplace. (Dkt. No. 1-1
5  at 3–7)

6  Plaintiff's request for a temporary restraining order was denied, and a hearing date was
7  set for February 13. On February 8, defendant removed the action and the hearing in Sonoma
8  County Superior Court was vacated. Defendant filed the instant motion to dismiss on February
9  15.

10  In his opposition, plaintiff stated he was seeking a civil restraining order out of concern
11  for his safety — rather than to remedy any alleged employment discrimination — stating "I am
12  seeking a restraining order for my personal safety not any kind of penalty/sanction for
13  [defendant's] appalling behavior as the EEOC will handle that aspect" (Dkt. No. 6 at 3).

14  This order follows full briefing and oral argument.

## ANALYSIS

16  Requests for Civil Harassment Restraining Orders filed pursuant to Section 527.6 of the
17  California Code of Civil Procedure can be construed as a complaint for the purposes of a
18  motion to dismiss. *Everette v. Milburn*, No. 16-cv-5935-MMC, 2016 WL 7049034 at *1 (N.D.
19  Cal. Dec. 5, 2016) (Judge Maxine Chesney).

20  A genuine dispute appears to exist between the parties. Plaintiff may be correct that
21  defendant has followed him, failed to pay back wages, and otherwise created an undesirable
22  workplace environment. But, even under plaintiff's version of the facts, defendant acted in his
23  official capacity as a federal employee. There are, therefore, limitations on the causes of action
24  that can be brought against defendant in his individual capacity.

25  The facts alleged suggest claims arising in tort and employment discrimination.
26  Because defendant is a federal employee acting in the scope of his employment, to the extent
27  plaintiff alleges tortious activity, his claims are governed by the Federal Tort Claims Act. To

the extent plaintiff alleges workplace harassment, his claims are governed by federal anti-discrimination statutes.

### 1. TORT CLAIMS.

The doctrine of sovereign immunity bars actions against the United States except where it has explicitly consented to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The FTCA is a limited waiver of that sovereign immunity, and it provides the exclusive remedy for torts against federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). The proper party for such a claim is the United States, rather than the individual employee. *Id.*

Prior to initiating a tort action against the United States, a claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).

Here, plaintiff's alleged facts all describe defendant acting within his role as a Postal Service employee. Furthermore, the Civil Division Chief of the United States Attorney's Office for the Northern District of California certified, pursuant to Section 2679(d)(2) of Title 28 of the United States Code, that defendant was acting within the course and scope of his employment with the Postal Service at all times material to plaintiff's allegations (Dkt. No. 3-1). Therefore, the FTCA provides the exclusive remedy for plaintiff's tort claims.

Here, because defendant was acting in his official capacity as a federal employee, plaintiff's claims must be dismissed for failure to bring his action against the United States as required by the FTCA. Furthermore, there is no indication that plaintiff submitted an administrative claim or has had a claim denied by the Postal Service. Accordingly, absent the statutory preconditions for suit, plaintiff's tort claims must be **DISMISSED**.

### 2. DISCRIMINATION CLAIMS.

On the face of the complaint, plaintiff does not seem to allege discrimination based upon any protected status. Rather, plaintiff's complaint appears to be based on a personal dislike between the parties.

Defendant argues that even if plaintiff's claims are the result of discrimination based upon a protected status, his claims must nevertheless be dismissed. This order agrees. Title VII of the Civil Rights Act is the exclusive remedy for claims of discrimination based on race, national origin, religion, or sex in federal employment. 42 U.S.C. § 2000e-16. The Age Discrimination in Employment Act is the exclusive remedy for claims of discrimination based on age. 29 U.S.C. § 633a. And the Rehabilitation Act is the exclusive remedy for claims of discrimination based on disability. 29 U.S.C. § 794. Plaintiff's claims — if construed as alleging violations of the above noted statutes — fail for two reasons.

*First*, the proper defendant for a civil action based on each of the above noted anti-discrimination statutes is the head of the agency or department — which defendant is not. *Mahoney v. U.S. Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989) (Title VII & Rehabilitation Act); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) (ADEA).

*Second*, Title VII and the Rehabilitation Act require that a plaintiff exhaust his or her administrative remedies as a precondition to filing an action. *Vinieratos v. U.S. Dep't of the Air Force*, 939 F.2d 762, 767–68, 773 (9th Cir. 1991). The ADEA gives plaintiffs the option of either exhausting all administrative remedies or giving the EEOC notice of intent to sue. *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) (ADEA). Here, plaintiff alleges that he has filed a complaint with the EEOC, but that it is still pending (Dkt. Nos. 1-1, 6). Beyond this, however, there is no indication as to any specifics regarding when the complaints were filed, what misconduct they allege, or their status. It cannot, therefore, be said that plaintiff has exhausted his administrative remedies or given EEOC notice of intent to sue.

Thus, to the extent the claims are based on Title VII, the Rehabilitation Act, or the ADEA, they must be **DISMISSED** as well.

4

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is hereby **GRANTED**. Plaintiff's complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 5, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE